Exhibit D

+1 415-389-5200   On Call 24/7/365

575 Redwood Highway, Suite 200, Mill Valley, CA 94941

HOME  →  TERMS

# TERMS AND CONDITIONS APPLICABLE TO AGENCY SERVICES

### DEFINITIONS

"Agent" means General Steamship Agencies, Inc., General Steamship Corporation, Ltd., Alaska Maritime Agencies, Wheelhouse Shipping Agency, Ltd. and any and all related companies and affiliates.

"Principal" means any relevant legal or natural person nominating and/or appointing Agent to provide agency services.

"Vessel" means the ship for which Agent is requested to render services.

"Vessel Interests" means the Vessel, its beneficial and legal owners, bareboat charterer, time charterer, voyage charterer, cargo interests, and all other parties with an interest in the Vessel and/or its voyage.



## AGREEMENT TO TERMS AND CONDITIONS.

By nominating or appointing Agent to provide agency services, the Principal agrees to all terms and conditions set forth herein. Principal warrants that it has authority to agree to these terms and conditions on its own behalf and that of the Vessel Interests.

## FEES AND PAYMENTS.

Unless expressly agreed otherwise between the parties in writing, Principal shall remit all funds requested to cover estimated disbursements prior to Vessel arrival. Agent's fee is based on Vessel's arrival pilot station until dropping outward pilot. A fee schedule is available upon request. Principal shall reimburse Agent for expenses incurred in sending and maintaining necessary attendants where offices are not located. When Agent is required to furnish services in connection with extraordinary matters such as major repairs, casualties, classification surveys, general average, maritime lien litigation, governmental penalties, etc., costs and fees commensurate with the services involved shall be paid by Principal as incurred. Agent's expenses shall be reimbursed by Principal, including communications, ships' mail, staff overtime, customs charges, copying, transportation and other expenses related to the Vessels' call. Agent may, in its sole discretion, advance funds on behalf of the Principal; in all such circumstances, it shall be entitled to a fee of 2.5% of the advance amount. Principal shall pay interest on all unpaid amounts outstanding at 18% compounded annually. Where the Agent has spent time and incurred costs due to unexpected occurrences creating additional work or delay to the Vessel, the Agent shall be reimbursed the actual expenses and paid an appropriate fee for the additional work. Where the Agent has spent time and incurred costs in anticipation of the Vessel's call which is subsequently cancelled, the Agent shall be reimbursed the actual expenses and paid an appropriate fee for the work. Any proforma Disbursements account is a non-binding estimate. The final Disbursements account may vary from the proforma and the Principal is liable to pay the actual Disbursements.

AGENT'S RIGHT TO REMITTANCE OF FUNDS.

Where additional disbursements become necessary, Agent may, in its sole discretion, demand immediate remittance of additional estimated funds from the Principal. The Principal shall at all times remain solely responsible for all payments to Agent and guarantor of same, regardless of whose account for which they are rendered. Agent is entitled to refuse to provide some or all agency services, including but not limited to clearance of the Vessel, at any time where funds have not been timely remitted.

AGENT'S LIEN.

Agent shall have a lien against the Vessel and its documents for all unpaid agency fees, un-reimbursed expenses and obligations incurred on behalf of Principal and Vessel Interests, together with all fees, costs and expenses incurred in enforcing the lien and/or any rights of Agent provided by these terms and conditions.

THIRD PARTY TERMS AND CONDITIONS.

Agent is authorized to agree on behalf of and/or to bind Principal and all Vessel Interests to customary terms and provisions in the Port area as provided by contracts, tariffs, and applicable laws. When arranging for berths, pilots, tugs or other services which are provided under contract or law which purports to limit the liability of the service providers, Agent will not procure any additional insurance on behalf of Vessel or Principal unless such additional insurance is specifically requested in writing by Principal and paid for prior to Vessel arrival. Principal is hereby notified that in some cases services arranged may be subject to annual volume commitments by Agent and Agent is entitled to any benefits of such commitment at its sole discretion.

INDEMNITY.

PRINCIPAL SHALL INDEMNIFY AND HOLD AGENT HARMLESS FROM ALL LIABILITY, DAMAGE, COST OR EXPENSE (INCLUDING, WITHOUT LIMITATION, EXPENSES IN DEFENDING ANY CLAIM OR SUIT AND IN ENFORCING RIGHTS HEREUNDER SUCH AS

ATTORNEY'S FEES, COURT COSTS AND OTHER EXPENSES) ARISING OUT OF, (I) ANY FAILURE OF PRINCIPAL TO COMPLY WITH ITS OBLIGATIONS UNDER THIS AGREEMENT; (II) ANY CLAIM WHETHER PRIVATE OR GOVERNMENTAL, FOR PERSONAL INJURY OR DEATH, AND FOR LOSS OF OR DAMAGE TO PERSON, PROPERTY, CARGO OR VESSELS ARISING OUT OF OR INCIDENT TO THE OWNERSHIP, SELECTION, POSSESSION, LEASING, OPERATION, CONTROL, USE, STORAGE, MOVING OF THE VESSEL; (III) ANY FORFEITURE, SEIZURE, OR IMPOUNDING OF, OR CLAIM OF CHARGE, LIEN OR ENCUMBRANCE ON THE VESSEL; (IV) ANY ACTIVITIES OR OPERATIONS OF PRINCIPAL, OR ANY ACT OR OMISSION OF PRINCIPAL; AND/OR (V) ANY ACTUAL OR THREATENED RELEASE OF OR CONTAMINATION BY ANY HAZARDOUS SUBSTANCE, WASTE, OR RESIDUE RELATING TO THE VESSEL.

LIMITATION OF LIABILITY.

IN NO EVENT SHALL THE LIABILITY OF AGENT EXCEED $5,000 FOR ANY INCIDENT OR CLAIM. THE FOREGOING LIMITATIONS AND EXCLUSIONS WILL APPLY WHETHER ARISING FROM BREACH OF CONTRACT, MISREPRESENTATION (WHETHER TORTIOUS OR STATUTORY), TORT (INCLUDING BUT NOT LIMITED TO NEGLIGENCE), BREACH OF STATUTORY DUTY, OR OTHERWISE) AND REGARDLESS OF THE THEORY OF LIABILITY. UNDER NO CIRCUMSTANCES SHALL AGENT BE LIABLE FOR ANY OF THE FOLLOWING TYPES OF LOSS OR DAMAGE (A) ANY LOSS OF PROFITS, BUSINESS, CONTRACTS, ANTICIPATED SAVINGS, GOODWILL, OR REVENUE, ANY WASTED EXPENDITURE, ANY LOSS OF MARKET, ANY LOSS OR EXPENSE ARISING FROM DETENTION OR DELAY OF A VESSEL OR ANY LOSS OR CORRUPTION OF DATA (REGARDLESS OF WHETHER ANY OF THESE TYPES OF LOSS OR DAMAGE ARE DIRECT, INDIRECT OR CONSEQUENTIAL); OR (B) ANY INDIRECT OR CONSEQUENTIAL LOSS OR DAMAGE WHATSOEVER,

ATTORNEY FEES, COSTS AND EXPENSES.

In the event charges/penalties are assessed against bonds provided on behalf of Vessel/cargo by Agent or its sub-

contractor, Principal shall promptly arrange U.S. collateral security to cover bonding exposure. . In any circumstances where the Vessel is delayed or detained as a result of governmental action, GSA shall be entitled to all additional fees and costs resulting including, but not limited to, a $1,000 per day surcharge. Principal agrees to pay Agent's costs and attorneys' fees in any action brought to enforce any of the provisions of these terms and conditions or any right granted to Agent hereunder.

PROPRIETARY RIGHTS.

All information (including the pro forma DA and final DA) provided by the Agent (whether to Principal, potential Principal, broker or other party) is a trade secret and the sole and exclusive intellectual property of Agent. Agent retains sole and exclusive ownership and all right, title and interest in and to all trade secrets and all other intellectual property, and Principal agrees that such is privileged. There are no licenses, transfers and/or assignments to Principal or any other party granted under these Terms and Conditions, whether express or implied. Principal and any or all other recipients of such information agree that the Agent's trade secrets and intellectual property may not be disclosed, shared or used for any purpose, including but not limited to statistical analysis, other than settlement of a particular voyage disbursement account, without the express written permission of the Agent. Principal further agrees to give notice of these Terms and Conditions to all of its service providers, agents, servants and contractors, and to guarantee that they will be bound hereby.

FORCE MAJEURE.

Agent's obligations shall be suspended during the period and to the extent that it is prevented or hindered from complying with them by any cause beyond its reasonable control including (but not limited to) strikes, lock-outs, labour disputes, act of God, war, riot, civil commotion, malicious damage, compliance with any law or government order, rule, regulation or direction, port security, port authorities and security restrictions in ports, accident, breakdown of plant or machinery, fire, flood, storm, difficulty or

increased expense in obtaining workmen, materials, goods or raw materials in connection with the provision of the Services. In the event Agent is so hindered or prevented, it shall give notice of suspension as soon as reasonably possible stating the date and extent of the suspension. Agent shall resume the performance of those obligations as soon as reasonably possible after the removal of the cause and shall so notify the other party.

THIRD PARTY COMMUNICATIONS.

Agent will make reasonable efforts to secure communications when transmitting and sharing information provided by Principal. However, Principal agrees that Agent shall not be held liable for any improper or incorrect use of any such information including but not limited to damages or injuries caused by any failure of performance, error, omission, interruption, deletion, defect, delay in operation or transmission, computer virus, communication line failure, and/or theft, destruction or unauthorized access to, alteration of, or use of any record. Special arrangements for information must be agreed in advance, in writing, and paid for by Principal on terms acceptable to Agent. In the event of an oil spill or other incident requiring notice to governmental authorities under applicable law, Agent is authorized by Principal and the Vessel Interests to make such required notification.

LAW AND JURISDICTION -

This Agreement and any rights and liabilities arising out of or relating to this Agreement shall be governed by the general maritime law of the United States where applicable, and otherwise by the laws in effect in California without regard to conflict of laws principles. Agent may require that any dispute or proceeding arising out of or relating to this Agreement shall, at Agent's sole option and discretion, be brought only in state or federal courts having jurisdiction over the City and County of San Francisco. Principal and Vessel Interests consent to jurisdiction and venue in those courts. Notwithstanding the foregoing, Agent may, at its sole option, bring legal action or arbitration in any forum or court of competent jurisdiction.

GENSTEAM OPERATIONS DESK ™



All information contained within the "Gensteam Operations Desk" web portal is strictly for informational purposes only and is subject to change at any time. All information is deemed reliable but is not guaranteed and should be independently verified. We encourage you to contact us at any time: https://www.gensteam.com/contacts. Your usage of "Gensteam Operations Desk" constitutes your understanding and acceptance of this disclaimer. Intellectual Property: The information contained within "Gensteam Operations Desk" is considered privileged between the agent and his Principal and is the intellectual property of the agent. No information within "Gensteam Operations Desk" can be cited, copied, forwarded or otherwise re-distributed without the agent's express permission. User activity within "Gensteam Operations Desk" is closely monitored - including user IP address and location. User agrees to keep his or her sign-in credentials safe and confidential. Any sharing of login credentials with parties other than the intended user may result in suspension and/or revocation of access.

USTR SECTION 301 FEE RESPONSIBILITY AGREEMENT

1. PURPOSE

By nominating General Steamship Agencies, INC as agents, the Principal agrees to the following. The vessel Operator (Principal), not the Agent, bears full responsibility for determining, declaring, and paying any applicable duties, fees, or surcharges imposed under USTR Section 301 or related regulations, including those applicable to Chinese-built, Chinese-owned, or Chinese-operated vessels calling at United States ports.

2. OPERATOR'S RESPONSIBILITY

The Operator/Principal shall determine whether USTR Section 301 fees apply to its vessel(s) and shall calculate and pay any such fees directly to the appropriate U.S. authorities.
The Operator/Principal shall provide the Agent with written

confirmation of compliance and payment upon request.

### 3. AGENT'S LIMITED ROLE

The Agent's role is limited to facilitating port entry, documentation, and communication with U.S. authorities on behalf of the Operator/Principal. The agent will provide assistance when requested, but the ultimate determination of fees and payment, lies solely on the vessel Operator/Principal. The Agent shall not be responsible or liable for the accuracy of any fee determination, underpayment, nonpayment, or penalties related to USTR Section 301 or similar assessments.

### 4. INDEMNIFICATION

The Operator/Principal agrees to indemnify, defend, and hold harmless the Agent, its employees, and representatives from and against any claims, fines, penalties, or losses arising from unpaid or underpaid USTR Section 301 fees or related charges.

### 5. AGENT'S RIGHT TO RECOVER UNPAID AMOUNTS

If the Agent advances, becomes liable for, or is otherwise held responsible for any unpaid or underpaid USTR Section 301 fees, the Operator shall reimburse the Agent in full upon demand. The Agent reserves the right to pursue recovery of such amounts by any lawful means, including but not limited to filing suit, placing liens, or arresting the vessel at a date and location of the Agent's choosing, consistent with applicable maritime law.

### 6. ENTIRE AGREEMENT

These terms represents the entire understanding between the parties concerning the subject matter and supersedes any prior or subsequent communications. Any amendments to these terms must be in writing and signed by both parties.





©2026 General Steamship Agencies, Inc. - All Rights Reserved



©2026 General Steamship Agencies, Inc. - All Rights Reserved